**In re CONFIDENTIAL, Respondent.**

**No. 97–BS–1045.**

District of Columbia Court of Appeals.

Oct. 16, 1997.

Before STEADMAN, FARRELL, and REID, Associate Judges.

## ORDER

On July 28, 1997, this court directed respondent, an attorney licensed to practice law in the District of Columbia, to comply with a subpoena *duces tecum* issued by Bar Counsel in connection with a pending investigation of respondent stemming from a client complaint. *See* D.C.Bar R. XI, § 18 (1997). In seeking reconsideration of that order, respondent contends that enforcement of the subpoena would compel disclosure of confidential information in violation of Rule 1.6 of the Rules of Professional Conduct (1997). Rule 1.6(d)(3), however, permits an attorney to reveal client confidences "[t]o the extent reasonably necessary to establish a defense to a ... disciplinary charge ... formally instituted against the lawyer, based upon conduct in which the client was involved, or to the extent reasonably necessary to respond to specific allegations by the client concerning the lawyer's representation of the client." Respondent argues that, to the extent this exception rests upon waiver of the attorney-client privilege by the client, *cf. Wender v. United Serv. Auto. Ass'n*, 434 A.2d 1372, 1374 (D.C.1981) (quoting *Hearn v. Rhay*, 68 F.R.D. 574, 581 (E.D.Wash.1975)), the client here effectively revoked the waiver by subsequently withdrawing the complaint against appellant. This argument is answered by D.C.Bar R. XI, § 19(c) ("Effect of settlement, compromise, restitution, or refusal to proceed"), which states: "Neither unwillingness nor neglect by the complainant to sign a disciplinary complaint or to prosecute a charge, nor settlement, compromise, or restitution, shall in itself justify abatement of an investigation into the conduct of an attorney." Permitting the client to shut off the information available to Bar Counsel through simple "refusal to proceed" would be tantamount to abatement of an investigation into fitness in many cases. *Cf. also* SPENDER A. GARD, JONES ON EVIDENCE § 21.2 (1994 Supp.) ("A waiver of confidence for privileged communications once made has conclusive effect and [the privilege] cannot again be claimed at a subsequent proceeding"); 1 JOHN W. STRONG, McCORMICK ON EVIDENCE § 93 at 347 (4th ed.1992).

Respondent has not substantiated his additional claim that Bar Counsel's subpoena is overbroad and amounts to a "fishing expedition." We therefore reject that argument summarily.

The motion to reconsider is denied. Respondent shall produce all documents and files described in Bar Counsel's February 4, 1997 subpoena and shall comply with the terms of that subpoena within 10 days of the date of issuance of this order.