**In re CONFIDENTIAL, Respondent.**

**No. 97–BS–1686.**

District of Columbia Court of Appeals.

Dec. 18, 1997.

Before STEADMAN and FARRELL, Associate Judges, and PRYOR, Senior Judge.

---

## ORDER

Pursuant to D.C. Bar R. XI, § 18(d) (1997), Bar Counsel has moved for enforcement of a subpoena *duces tecum* issued September 24, 1997, requiring respondent to produce records relating to respondent's legal representation of three designated individuals. Respondent in turn has moved this court to quash the subpoena.

■ D.C. Bar R. XI, § 18(c) (1997) states that "[a]ny challenge to the validity of a subpoena issued in accordance with this section shall be heard and determined by a Hearing Committee designated by the Executive Attorney [to the Board on Professional Responsibility]." Further, "[t]he decision of the Hearing Committee shall not be subject to an interlocutory appeal but may be reviewed by the Board and subsequently by the Court as part of their review of the case in which the subpoena is issued." *Id.* Respondent's motion to quash is in violation of this rule; respondent does not assert that the motion to quash the subpoena has been made to the Board on Professional Responsibility. While the rule does not set forth a specific time in which such challenge must be made, the more than three months during which respondent has failed to contest the subpoena before the Board is unreasonable by any measure. We consider respondent's challenge to the subpoena to be waived.

■ Even if that were not so, we would deny the motion to quash on the merits. Service of the subpoena was in accordance with D.C. Bar R. XI, § 19(e) and Super. Ct. Civ. R. 5 (1997). Respondent's argument that compliance with the subpoena would breach respondent's ethical obligation to preserve confidences of former clients is unavailing. Respondent argues that our decision in *In re Confidential,* 701 A.2d 842 (D.C.1997), is inapposite because none of the clients in question has filed a complaint against respondent or otherwise consented to the release of files concerning the representation. However, Bar Counsel's authority to subpoena financial records of the kind requested does not depend on the filing of a complaint by a client or former client. *See* D.C. Bar R. XI, § 6(a)(2) (Bar Counsel may "investigate all matters involving alleged misconduct by an attorney ... which may come to the attention of Bar Counsel or the Board from any source whatsoever"); D.C. Bar R. XI, § 18(a).

In this regard we consider the decision of the Supreme Court of Delaware in *In re Kennedy,* 442 A.2d 79 (Del.1982), persuasive. There the Chair of the Delaware Client Security Trust Fund requested that Kennedy make his financial records available for a "spot check" to verify that he was maintaining records in accordance with the Delaware Supreme Court's guidelines. *Id.* at 81. The attorney refused to comply with the request, maintaining that to do so would violate the attorney-client privilege. The court rejected this argument. Pointing out that the purpose of the privilege is "to foster the confidence of a client and to permit him to communicate freely with his attorney, without fear, while seeking legal advice," and that "the attorney-client privilege is the privilege of the client and not the privilege of the attorney," the court concluded:

> It is clear that the privilege was not intended to be used as a shield by an attorney to prevent scrutiny by the court of his records to determine whether or not he is meeting his fiduciary and ethical obligations to a client. The purpose of the Disciplinary Rule and Guideline is to protect a client from misappropriation of his funds by his attorney. It would be strange, indeed, if an attorney could frustrate that very purpose, by asserting the attorney-client privilege.

*Id.* at 91–92.

Accordingly, respondent's motion to quash subpoena is denied. Bar Counsel's motion to enforce is granted. Respondent shall produce all documents and files described in Bar Counsel's September 24, 1997 subpoena, and shall comply with the terms and conditions of that subpoena, within 10 days of this order.